

April 24, 2019

**Via ECF**
Hon. Jose L. Linares
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

        Re:    *Gentile v. Securities and Exchange Commission*, Case No. 2:19-cv-05155-JLL-JAD (D.N.J.)

Dear Judge Linares,

      This firm represents Guy Gentile in the above referenced matter. We write fully cognizant of Your Honor's ruling precluding no further reply memorandums in connection with the two motions currently *sub judice* before the Court (under Fed. R. Civ. P. 65 (ECF No. 5) and 12(b)(6) (ECF No. 11). This letter is not to reply, but rather to bring to Your Honor's attention the fact that the SEC has taken a diametrically opposite position in the Florida subpoena enforcement proceeding than that argued here. Specifically, while the SEC argued in this Court that Gentile's only avenue to challenge the investigation against him is in the subpoena enforcement action in Florida, the SEC just argued before the Florida Court that Gentile is *not* entitled to intervene in that action, either as a matter of right or permissive. We briefly provide fuller support:

      In this case, the SEC has argued that no preliminary injunction should issue and the case should be dismissed because:

> [t]he SEC's investigation and the subpoenas [in Florida] are not final agency action, and Gentile has an adequate avenue for review of the SEC's investigation. He may seek to challenge a Commission subpoena in the pending subpoena enforcement actions in the Southern District of Florida….*Gentile's ability to seek to intervene in the subpoena enforcement actions to assert the purported defenses he seeks to assert here constitutes an adequate remedy at law*.

(ECF No. [] at 1, 17)(emphasis added). However, in a filing two days ago in one of the Southern District of Florida actions (*Securities Exchange Commission v. Marin* (Case No. 19-mc-20493)(S.D.Fl.)), the SEC argued that Gentile *may not intervene* in that action, notwithstanding the fact the he and his businesses are the target of the unauthorized investigation and the subject matter of the documents and testimony sought through the subpoenas at issue. The SEC asserted:

Hon. Jose L. Linares - 2 - April 24, 2019

> "Gentile's motion to intervene as of right under Rule 24(a) is futile. The Supreme Court has ruled that there is no intervention as of right in an administrative subpoena enforcement proceeding. Permissive intervention through a balancing of opposing equities is the only path to intervening under Rule 24(a) in this proceeding, but Gentile does not seek this. Nor would he have been successful had he sought it. The interest he claims – that the subpoenas at issue seek documents concerning him – is not a legally protectable interest.1 Without that, the path to permissive intervention is closed for Gentile and the inquiry ends. Moreover, he cannot meet any of the other required elements for permissive intervention and even if he could, the balance of opposing equities weighs against him."

Given the SEC's argument in Florida, it is clear that its arguments in this Court arguing that Your Honor lacks subject matter jurisdiction are without merit. A copy of the SEC's Response to Gentile's Motion to Intervene in *SEC v. Marin* is attached hereto. Gentile respectfully requests that the Court include this submission in the record on the pending motions and consider the inconsistent positons that the SEC has taken.

Sincerely,

Adam C. Ford
Robert S. Landy (*pro hac vice*)
FORD O'BRIEN LLP
575 Fifth Avenue
17th Floor
New York, New York 10017

*Counsel to Plaintiff Guy Gentile*

(Enclosure – Exhibit A - SEC's Response to Guy Gentile's Motion to Intervene in *SEC v. Marin*, (Case No. 19-mc-20493) (S.D.F.L.))

cc: All Counsel of Record
(by ECF)